WARNER STORES COMPANY, a corporation of the Commonwealth of Pennsylvania,
Defendant Below, Appellant,

*vs.*

E. R. SQUIBB & SONS, INC., a corporation of the State of Virginia,
Plaintiff Below, Appellee.

*Supreme Court, On Appeal, May 4, 1966.*

*Nathan P. Michlin,* Wilmington, and *Sydney Finkelstein,* Philadelphia, Pa., for defendant below, appellant.

*C. Waggaman Berl, Jr.,* of Berl, Potter & Anderson, Wilmington, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice: This appeal brings up again the question of the constitutionality of the "non-signer" provisions of the Delaware Fair Trade Act.[1]

The plaintiff, a drug manufacturer, brought an action seeking to enjoin the defendant, engaged in the retail drug business, from selling the plaintiff's products at less than the prices established by the plaintiff under the Delaware Fair Trade Act. The defendant was not a party to any contract with the plaintiff under the Act. The Chancery Court granted the injunction and the defendant appeals.

The principal arguments of the defendant are that the Fair Trade Act is unconstitutional because (1) price regulation is a legislative power which may not be delegated lawfully to private persons, and (2) price regulation is not a valid exercise of the police power.

■ Both of these propositions were considered and rejected by this Court in *General Electric Co. v. Klein,* 34 *Del.Ch.* 491, 106 *A.2d* 206 (1954).[2] We are of the opinion that no sufficient reason has been shown to warrant a reversal of that decision.

The defendant urges us to follow the recent action of the Pennsylvania Supreme Court which reversed its earlier holding and concluded that the Pennsylvania Fair Trade Act is unconstitutional as an unlawful delegation of legislative function. See *Olin Mathieson Chemical Corp. v. White Cross Stores,* 414 *Pa.* 95, 199 *A.2d* 266

---

1. 6 *Del.C.* § 1906 provides:

"§ 1906. Advertising, offering or selling commodity below minimum price

"Wilfully and knowingly advertising, offering for sale or selling any commodity at less than the price stipulated in any contract entered into pursuant to the provisions of this chapter, whether the person so advertising, offering for sale or selling is or is not a party to the contract, is unfair competition and is actionable at the suit of any person damaged thereby."

2. While the police power facet clearly appears in the reported opinion in *Klein* (see text of the first certified question), the delegation of legislative power aspect is not as clear on the face of the opinion. An examination of the briefs in the *Klein* case satisfies us, however, that the latter question was presented and considered.

(1964). We recognize that the nature of the topic leaves room for contrariety of judicial opinion; but we are content with the correctness of the views of this Court as stated in the *Klein* case, and we adhere thereto.

■ Three *a priori* arguments are made by the defendant: (1) The Act actually does not protect a manufacturer's good will; (2) the Act drastically harms the consumer; and (3) the Act gives legal sanction to unlawful price fixing. These contentions, addressed to the wisdom and the efficacy of the Act, are for the Legislature, not the courts. Any modification or rescission of the Act must remain for decision by the General Assembly.

Finally, the defendant contends that certain of the plaintiff's products were not within the coverage of the Act because not in "free and open competition." See 6 *Del.C.* § 1902. This contention is based upon the fact that, as to such items, the plaintiff's salesmen dealt directly with physicians who recommended the items to their patients; that, in acting upon such recommendation, the patient-consumer was not really exercising a freedom of choice among competing products.

■■ There is evidence, as to which there is little dispute, showing that products of the same general class manufactured by others were regularly displayed for sale on druggists' shelves, together with the plaintiff's products and at comparable prices. The fact that the main channel of advertising communication to the consumer may have through a physician does not, of itself, prevent the items advertised from being in free and open competition, within the meaning of the Act. The Chancery Court found, as a matter of fact, that the plaintiff established that the products here involved "are sold in open competition with other commodities of the same general class." After review of the record, we conclude that there is sufficient evidence to support this finding.

Finding no error in the judgment below, it is affirmed.